NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KARIN YULISSA MENDEZ TARACENA; A.A.R.M., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3868 <br><br> Agency Nos. <br> A220-546-873 <br> A220-546-874 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Karin Yulissa Mendez Taracena and her minor child, A.A.R.M., are natives

and citizens of Guatemala.¹  They petition for review of the Board of Immigration

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

¹ Mendez Taracena is the lead petitioner.  A.A.R.M. submitted their own application for relief based on the same events as Mendez Taracena, and is listed as a derivative beneficiary on Mendez Taracena's application.

Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA cites *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994), and also provides its own reasoning, we review both the IJ's decision and the BIA's determination. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). Under the substantial evidence standard, "the petitioner must show that the evidence not only supports, but compels the conclusion that [the agency's] findings and decisions are erroneous." *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (internal quotations and citation omitted).

1. Substantial evidence supports the agency's determination that Petitioners failed to demonstrate eligibility for asylum. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). The record supports the agency's conclusion that Mendez Taracena failed to demonstrate that

the suspected gang members who extorted and threatened her did so on account of her membership in her proffered particular social group ("PSG") of "Guatemalan women opposed to gangs because of the fundamental beliefs." Mendez Taracena herself testified that she did not know why she was targeted, that the unknown individuals never identified her by name, and that her husband previously faced similar extortion demands, which prompted him to come to the United States. Nothing in the record suggests that the individuals were motivated by anything other than general criminal intent, which is insufficient to demonstrate nexus. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (The "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Mendez Taracena's fear of general violence in Guatemala and future extortion suffers from the same defect.

2. Substantial evidence also supports the agency's determination that Petitioners failed to demonstrate eligibility for withholding of removal. Although the requisite showing for satisfying the nexus requirement is lower for withholding of removal, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (contrasting asylum's "one central reason" requirement with withholding of removal's "a reason" requirement), Petitioners' failure to demonstrate *any* nexus

whatsoever between Mendez Taracena's harms and fears and her proffered PSG is similarly dispositive of their withholding of removal claim. *See id.*[2]

3. Substantial evidence also supports the agency's determination that Petitioners are ineligible for protection under CAT. To qualify for relief under CAT, an applicant "must establish it is more likely than not that he or she would be tortured if returned to the proposed country of removal." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020). The agency determined that the harms Mendez Taracena suffered fall short of constituting torture, and the record does not compel a contrary conclusion. Nor does the record, including country conditions evidence, compel the conclusion that Petitioners face a particularized threat of torture if they return to Guatemala. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining that "generalized evidence of violence and crime" is "not particular" and "insufficient to meet [the CAT] standard"). Notably, Mendez Taracena's other children and family members remain unharmed there.

4. We also reject Petitioners' due process claim based on the agency's alleged failure to analyze material evidence, consider recent policy changes, and apply relevant caselaw. The record shows that the agency sufficiently analyzed

---

[2] In light of this dispositive no-nexus determination, we do not reach Petitioners' claim regarding the cognizability of Mendez Taracena's proffered PSG. We reject Petitioners' argument that the IJ erred in failing to offer a more fulsome analysis of their withholding of removal claim.

their proffered evidence and cited relevant authority, and, in any event, Petitioners have failed to demonstrate the requisite prejudice. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (explaining that there is no due process violation where a petitioner fails to demonstrate that they were denied a full and fair hearing such that their "rights were violated in a manner so as potentially to affect the outcome of the proceedings" (internal quotations and citation omitted)).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.

23-3868